**Roger E. ALLEN, Jr., Petitioner–Appellant,**

v.

**Harry K. RUSSELL, Warden, Respondent–Appellee.**

**No. 00–3711.**

United States Court of Appeals, Sixth Circuit.

May 4, 2001.

**552**

Before KENNEDY and DAUGHTREY, Circuit Judges; MCKEAGUE, District Judge.*

*ORDER*

Roger E. Allen, Jr., an Ohio prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 18, 1996, after a jury trial, Allen was found guilty on two counts of burglary and one count of aggravated burglary in the Fayette County Court of Common Pleas. Allen's conviction was affirmed by the Twelfth District Court of Appeals on October 7, 1997. The Ohio Supreme Court denied Allen's motion for delayed direct appeal on September 23, 1998. Allen filed a delayed application for reopening of his appeal, which was denied by the appellate court for failure to show good cause for the untimely filing. The Ohio Supreme Court dismissed Allen's appeal of the appellate court's decision on September 23, 1998.

On January 29, 1999, Allen filed the present petition for a writ of habeas corpus raising the following claims: 1) denial of effective assistance of trial counsel; 2) denial of effective assistance of appellate counsel; 3) trial court lacked competent subject matter jurisdiction to convict and sentence Allen; 4) conviction obtained by

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

action of grand jury under improper influence of prosecution; 5) prosecutorial misconduct; 6) insufficient evidence to support the conviction; and 7) State's corrective procedure did not afford a full, fair and adequate hearing of Allen's claims raised in order to establish showing of cause for untimely filing.

On April 28, 2000, the district court dismissed some claims on the merits and others on procedural grounds. The district court granted Allen a certificate of appealability as to the following issues:

1. Was petitioner denied the effective assistance of trial counsel?

2. Did petitioner establish cause and prejudice for his procedural default of claim two?

3. Did petitioner establish cause and prejudice for his procedural default of claim six?

 Upon review, we conclude that the district court properly rejected Allen's ineffective assistance of trial counsel claim on the grounds that the state court's resolution of this claim was neither contrary to nor involved an unreasonable application of clearly established Federal law. 28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (interpreting 28 U.S.C. § 2254(d)(1), (2)).

 Allen's second and sixth claims are procedurally barred from federal habeas corpus consideration. A federal court will not review Allen's claims unless he shows both cause to excuse his failure to timely present the issues to the state court and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If a habeas petitioner cannot show cause and prejudice, he may still be afforded review in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513

U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Murray v. Carrier*, 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Washington v. Delo*, 51 F.3d 756, 761 (8th Cir.1995). After reviewing the record, we conclude that these two claims were not properly presented to the state courts of Ohio and that under *Coleman*, they are procedurally barred from review. In addition, Allen has not demonstrated that review of his claims is necessary to prevent a fundamental miscarriage of justice.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.